IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIONEL LOUIS SEASE,           : | |
|           Petitioner,         : | |
|                               : | 1:13-cv-1548 |
| v.                            : | |
|                               : | Hon. John E. Jones III |
| MICHAEL WENEROWICZ, *et al.*  : | |
|           Respondents         : | |

### MEMORANDUM

June 15, 2015

On September 1, 2010, Petitioner Lionel Louis Sease ("Sease"), pled guilty to Possession With Intent to Deliver in violation of 35 P.S. § 780-113(a)(30) in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1, p. 1; Doc. 13-1, p. 6). On June 11, 2013, he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his guilty plea. (Doc. 5). For the reasons set forth below, the petition will be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**I.     BACKGROUND**

Following his guilty plea, Sease was sentenced on October 18, 2010, to three to six years imprisonment in a state correctional institution to be served consecutive to sentences he was servicing in two other criminal matters. (Doc. 13-3, p. 17). He filed a motion to reconsider on October 27, 2010. (Doc. 13-1, p. 8).

A hearing was held on December 6, 2010, at which time the motion was denied. (Doc. 13-4, p. 4).

On January 19, 2011, he filed a notice of appeal. (Doc. 13-5, p. 1-2). On May 3, 2011, the appeal was quashed as untimely filed. (*Id.* at 2).

On January 9, 2012, Sease filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 13-1, p. 11). On June 4, 2012, the PCRA court issued an order indicating its intent to dismiss the petition. (*Id.* at 13). The petition was dismissed on July 6, 2012. (*Id.* at 14). He pursued an appeal to the Superior Court, which affirmed the PCRA court's denial of relief on April 19, 2013. (Doc. 13-13).

The instant petition was apparently mailed on May 30, 2013, and filed with the court on June 11, 2013. (Doc. 1, pp. 1, 14).

## II. DISCUSSION

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of

2

> direct review or the expiration of the time for seeking such review. . . .
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see generally*, *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).  Thus, the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded.  *See Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000) (stating that "the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

   Sease was sentenced on October 18, 2010, and his motion for reconsideration of the sentence was denied on December 6, 2010.  His judgment became final thirty days later, on January 5, 2011, when his time to seek direct

appellate review expired. The one-year period for the statute of limitations commenced running as of that date and expired on January 5, 2012. Hence, the federal petition filed on June 11, 2013, is patently untimely. However, this does not conclude the court's analysis as it is necessary to consider both statutory and equitable tolling.

    A.    *Statutory Tolling*

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. *Stokes v. Dist. Attorney of the Cnty of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The statute of limitations in the matter *sub judice* began running January 5, 2011, and, absent any tolling, expired on January 5, 2012. Although Sease filed a notice of appeal on January 19, 2011, it was quashed as untimely and therefore not

properly filed for purposes of tolling the statute of limitations. On January 9, 2012, Sease filed a PCRA petition. While it is true that a properly filed PCRA petition tolls the running of AEDPA's statute of limitations, the PCRA petition must be filed before the limitations period runs out, otherwise there is nothing left to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) ("'properly filed' state-court [post-conviction] petitions must be 'pending' in order to toll the limitations period. Thus, a state court petition like Tinker's that is filed following the expiration of the federal [AEDPA] limitations period cannot toll that period because there is no period remaining to be tolled.") (some internal quotations omitted). The federal limitations period expired on January 5, 2012, and the PCRA petition was not filed until January 9, 2012.[1] Consequently, the PCRA failed to toll the federal statute and his federal petition, which was received in federal court on June 11, 2013, was filed after the expiration of the limitations period and is therefore untimely.

---

[1] Significantly, the prison mailbox rule does not provide relief to Sease. If the PCRA were considered timely filed under the mailbox rule, such that it tolled the statute, at most, he would gain several days. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (explaining that the date of filing is the date on which an inmate deposits the petition in the prison mail system). However, approximately fifty-three days elapsed between the conclusion of the state PCRA proceedings and the filing of his federal habeas petition.

## B. *Equitable Tolling*

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); *Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002). Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See Merritt*, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit it where "principles of equity would make rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 189 (3d Cir. 2012).

In *Merritt*, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." *Merritt*, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is

warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *See Yanes v. Nish*, No. 1:CV-08-2234, 2009 WL 1045884, at *2 (M.D. Pa. 2009) (Caldwell, J.) (citing *Jones*, 195 F.3d at 159).

Sease bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Cooper v. Price*, 82 F. App'x. 258, 260 (3d Cir. 2003). It is uncontested that the petition was filed after expiration of AEDPA's one-year statute of limitations.[2] Sease seeks to equitably toll the statute as set forth below:

> On April 13, 2013, while Petitioner's PCRA appeal was pending in the Superior Court Petitioner mistakenly wrote to the York County Clerk of Courts requesting Section 2254 forms (see exhibit A). The error is attributable to misinformation received from the prison law library. On May 2, 2013, the York County Clerk replied that such forms were not available (see exhibit B). On May 6, 2013, Petitioner wrote to the Clerk of the Middle District Court requesting Section 2254 forms (see exhibit c). On May 26, 2013, Petitioner received the forms (see exhibit D, postmarked envelope and undated response from District Court Clerk). A handwritten petition was completed and mailed four days later . . . Wherefore, Petitioner exercised reasonable diligence in presenting his

---

[2]Petitioner concedes that the PCRA is not timely filed. (Doc. 5, p. 2).

7

> claims in this petition to the court and equitable tolling for the brief period beyond the one-year deadline should be granted.

(Doc. 5, p. 3). Sease focuses on the minor delay that he experienced after his state court PCRA proceedings concluded. The crucial delay, however, is the passage of almost eight months between the quashing of his direct appeal as untimely and the filing of PCRA petition. Such a delay does not demonstrate reasonable diligence. Additionally, he fails to meet the extraordinary circumstances element in that he was not actively misled, he was not in some extraordinary way been prevented from asserting his rights, he did not timely assert his rights mistakenly in the wrong forum, and the was not mislead by the court regarding the steps needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. *See Vogt*, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

    The denial of a certificate of appealability does not prevent Sease from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* FED. R. APP. P. 22(b)(1), (2).

A separate order will enter.